UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Dean Long,**
**Plaintiff**

v.                                                              Civil Action No. 1:20-CV-668

**Home Depot, Inc,**
**Defendant.**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff, Dean Long complaining of Defendant, Home Depot, Inc., and files this Plaintiff's Original Complaint, and for cause of action would show the Court as follows:

### A.     Parties & Service Of Citation

1. Plaintiff, Dean Long, is an individual who resided in Williamson County, Texas at the time of the events made the basis of this suit.

2. Defendant, Home depot USA Inc, is a foreign corporation whose registered office is 2455 Paces Ferry Road, Atlanta Georgia, 30339. Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701 via private process server.

### B.     Jurisdiction and Venue

3. Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court. Specifically, Plaintiff seeks monetary relief over one million dollars ($1,000,000.00). This court has

jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Venue is proper in this district court under 28 U.S.C. § 1391(b) because the matter occurred in this district.

### C.     Factual Background

4. Plaintiff, Dean Long, brings this suit to recover damages for personal injuries he sustained because of an incident which occurred on or about January 20, 2019, at Defendants' premises located at 2551 S. N I-35, Round Rock, Texas, 78664. The incident was proximately caused by the negligence of Defendant, its agents, servants and employees.

5. On January 20 2019, Plaintiff was an invitee on Defendant's premises shopping. He pulled into a parking spot and upon exiting his vehicle he steps into a pot hole. He tries to keep himself from falling, jerks back and hits his head against his truck. He land hard on his back. He tries walking it off but starts feeling intense shooing pain in both hips, lower back, left and right buttocks, and neck.

6. Shortly following the incident he notified a Home Depot Manager, Carissa. Carissa stated that she knew the condition pot hole was there but did not attempt to fix it.

7. The pothole was a condition which posed an unreasonable risk of danger because anyone could trip and fall in it. It being in the parking lot it would be in a natural blind spot for patrons as they exited their vehicles.

8. Defendants knew and should have known of the dangerous condition created by the pothole. Defendant neither corrected nor warned Plaintiff of the dangerous condition.

9. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident. Defendant's creation of the dangerous condition, failure to correct the condition, or failure to warn Plaintiff of the condition constituted negligence, and was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

### D.   Respondeat Superior

10. At all times material hereto, all agents, servants, or employees of Defendants were acting within the course and scope of employment or official duties. Furthermore, at all times material hereto, all agents, servants, or employees of Defendants, were acting in furtherance of the duties of their office or employment.

11. Therefore, Defendants is responsible for all damages resulting from the negligent acts or omissions of its agents, servants, or employees pursuant to the Doctrine of Respondeat Superior.

### E.   Negligence

12. Plaintiff alleges that on the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

   a.   Identifying the pothole but failing to take any action to remedy the condition or warn of its existence;

   b.   Failure to exercise ordinary care in maintaining the premises in a reasonably safe condition;

   c.   Failure to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;

    d.    Failure to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions;

    e.    Failure to warn invitees of unreasonably unsafe and dangerous conditions;

    f.    Failure to train employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;

    g.    Failure to adequately supervise employees to ensure they are locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and

    h.    Failure to terminate employees incapable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions.

Each and all of the above stated acts or omissions constitute negligence and the same are a proximate cause of the injuries and damages sustained by Plaintiff.

### F.    Damages

13. Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

    a.  Past and future physical pain and suffering;

    b.  Past and future mental anguish;

    c.  Past and future medical expenses; and

    d.  Past and future physical impairment.

### G. Prayer For Relief

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
1717 N. I-35
Suite 305
Round Rock, TX 78664
(512) 671-7277
(512) 238-0275 (fax)

  /s/ Roberto Flores
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com