# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DEAN LONG,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:20-cv-00668-LY-SH** |
| **HOME DEPOT INC. and PAVECON** | § | |
| **MANAGEMENT, INC.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE LEE YEAKEL
###    UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Dismiss Without Prejudice, filed January 29, 2021 (Dkt. 18); Defendant Pavecon Management, Inc.'s Motion for Summary Judgment, filed March 2, 2021 (Dkt. 24); and the associated response and reply briefs. On March 9, 2021, the District Court referred all motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 25.

## I.    Background

On January 20, 2019, Plaintiff Dean Long tripped and fell in the parking lot of Defendant Home Depot U.S.A., Inc.'s ("Home Depot") store in Round Rock, Texas. Plaintiff's First Amended Complaint, Dkt. 10 ¶ 6. Long claims that, after pulling into a parking spot, he got out of his truck, stepped into a pothole, and fell, hitting his head on his truck and landing "hard on his back." *Id.* Long alleges that Home Depot was aware of the pothole and the danger it posed. *Id.* ¶¶ 7-9.

1

On June 26, 2020, Long, a Texas resident, filed this negligence suit against Home Depot, a Delaware corporation, based on diversity jurisdiction. Dkt. 1 ¶¶ 1-3; Dkt. 7. On July 15, 2020, Home Depot answered and asserted that the negligence of a third party was the proximate cause of the incident. Dkt. 5 at 5. On October 2, 2020, Home Depot stated in a discovery response that it had placed a work order to repair the pothole with Defendant Pavecon Management, Inc. ("Pavecon") on December 22, 2018. Dkt. 18-1 at 3.

Long filed his First Amended Complaint to add Pavecon as a party on November 3, 2020. Dkt. 10 ¶ 3; Dkt. 18 at 2. Long obtained Home Depot's consent to file the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (allowing a party to amend its pleadings before trial "with the opposing party's written consent or the court's leave").

Pavecon filed its Answer on November 30, 2020, denying that diversity jurisdiction exists because it is a Texas resident. Dkt. 14 ¶ 4. On January 20, 2021, Long filed a separate suit in Texas state court, alleging the same causes of action against Home Depot and Pavecon. *Long v. Pavecon Mgmt., Inc.*, No. DC-21-00867 (68th Dist. Ct., Dallas County, Tex. Jan. 20, 2021). The same day, Long asked Pavecon to agree to the voluntary dismissal of this case without prejudice, but Pavecon refused. Dkt. 18 at 4-5.

Long now moves to dismiss without prejudice for lack of subject matter jurisdiction, arguing that there is no longer complete diversity among the parties. In response, Pavecon argues that dismissal without prejudice is improper because it was joined fraudulently to defeat jurisdiction. Pavecon also has filed a Motion for Summary Judgment in which it contends that Long's negligence claim fails as a matter of law.

2

## II.   Legal Standards

### A.  Voluntary Dismissal

A plaintiff may dismiss his action unilaterally without prejudice by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). If the defendant has filed a motion for summary judgment or an answer, Rule 41(a)(2) permits dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990).

The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The mere "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (citation omitted). The purpose of the Rule 41(a)(2) grant of discretion "is primarily to prevent voluntary dismissals which unfairly affect the other side." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (4th ed. 2021) (citation omitted). Absent such a showing or other evidence of abuse by the movant, the motion should be granted. *Elbaor*, 279 F.3d at 317.

**B.  Subject Matter Jurisdiction**

Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction can be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction authorizes jurisdiction over civil actions where the matter in controversy exceeds $75,000 and there is complete diversity of parties – specifically, where no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### III.     Analysis

The Court addresses Long's Motion to Dismiss first because it involves the Court's subject matter jurisdiction.

**A.  Motion to Dismiss**

Long argues that the Court was divested of subject matter jurisdiction when he filed his Amended Complaint against Pavecon, a nondiverse defendant. The Court agrees. Jurisdiction generally is determined at the time a suit is filed. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987). Thus, a district court has jurisdiction to decide a case even if the plaintiff fails to prove a federal question claim or the amount in controversy falls below the jurisdictional amount. *Id.* at 1180-81. Addition of a nondiverse party, however, will defeat jurisdiction. *Id.* at 1181. When Long filed his Amended Complaint adding Pavecon, it destroyed complete diversity and the Court

4

lost subject matter jurisdiction. *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 678 (5th Cir. 1999); *Hensgens*, 833 F.2d at 1181.

Pavecon does not dispute that its presence in the suit destroys diversity jurisdiction, but argues that it was fraudulently joined. "To establish a claim for improper joinder, *the party seeking removal* must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005); *Cobb*, 186 F.3d at 677. The fraudulent joinder doctrine applies only to the removal of cases from state court, not to cases originally filed in federal court, as this suit was.

Even if Long had filed this case in state court originally, the fraudulent joinder doctrine would not apply to a joinder that occurred after removal. *Id.* Instead, the proper analysis would be governed by 28 U.S.C. § 1447(e) and the factors applied when a plaintiff seeks to add a claim against a new nondiverse defendant post-removal. *Hensgens*, 833 F.3d at 1182. The Court need not address the *Hensgens* factors because Long did not seek permission from the Court to add Pavecon as a defendant; rather, Home Depot consented to the amendment.

In sum, Long's amendment adding Pavecon as a party destroyed diversity and this Court lost subject matter jurisdiction. Accordingly, the Court lacks subject matter jurisdiction to review this case, and Plaintiff's Motion to Dismiss should be granted.

## B. Pavecon's Motion for Summary Judgment

Because the Court recommends dismissal of the case, the Court further recommends that the District Court dismiss as moot Defendant Pavecon Management, Inc.'s Motion for Summary Judgment (Dkt. 24).

## IV.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 18) and **DISMISS** Plaintiff's Amended Complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendant Pavecon Management, Inc.'s Motion for Summary Judgment (Dkt. 24).

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 14, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE